ORDER ACCORDINGLY.

**In re Mary Ruth BULLINS, Debtor.**

**Mary Ruth Bullins, Plaintiff–Appellant,**

**v.**

**Southland Development Corporation, A & A, Inc., Fidelity Bank, Michael Allen, D.G. Allen, Von L. Allen, June Allen, Robert Gordon, and Russell J. Hollers, Trustee, Defendant–Appellees.**

**No. 1:98–489.**
**Bankruptcy No. B–94–10830–13D.**
**Adversary No. A–94–2022.**

United States District Court,
M.D. North Carolina.

Dec. 3, 1999.

Steven Wayne Blevins, Blevins & Constanza, Southern Pines, NC, Tomi Jane White Bryan, Greensboro, NC, for Mary Ruth Blevins.

Shawna P. Yeomans Staton, R. Frank Gray, Jordan, Price, Wall, Gray & Jones, Raleigh, NC, for appellees.

John C. Wainio, Spears, Barnes, Baker, Wainio, Brow & Whaley, Durham, NC, for Robert Gordan.

Russell J. Hollers, Hollers & Atkinson, Troy, NC, pro se.

## MEMORANDUM OPINION

OSTEEN, District Judge.

This appeal follows the Bankruptcy Court's order in which that court ruled that the Defendants did not engage in fraud against Plaintiff and did not engage in unfair and deceptive trade practices. The ruling further determined that two corporate defendants were not the alter egos of individual defendants and corporate veil piercing was unavailable to Plaintiff. For the reasons hereafter set forth, the Bankruptcy Court decision should be affirmed.

■ This court must accept findings of fact made by the trial court unless they are clearly erroneous. Fed. R. Bankr.P. 8013, *Willemain v. Kivitz*, 764 F.2d 1019, 1022 (4th Cir.1985). The conclusions of law are reviewed under a de novo standard. *In re Bryson Properties (Travelers Ins. Co. v. Bryson Properties)*, 961 F.2d 496, 499 (4th Cir.1992). Applying those appropriate standards, this court finds that each material fact found by the Bankruptcy Court is supported by competent evidence and reasonable factual conclusions drawn from the established facts. After concluding that the trial court's findings are not clearly erroneous, this court, upon de novo review, finds that the conclusions of law are appropriate and should be affirmed.

A recapitulation of all facts found by the Bankruptcy Court would serve no useful purpose here. It is sufficient for purposes of this decision to summarize the facts.

The Plaintiff, unsophisticated in financial transactions, purchased a residential lot from the corporate defendant, A & A, Inc. in 1984. She insists that the total purchase price was to be $6200.00. She paid nothing down and the entire purchase price was financed. At Fidelity Bank, where the transaction was closed, there

was a loan application clearly reflecting a purchase price of $7500.00. While the price is not in Plaintiff's handwriting, other parts, including the signature, are in her handwriting. The application contains certain information which only Plaintiff could have provided. Plaintiff has no recollection of signing the application.

During closing, Plaintiff executed, and does not contest, the primary promissory note secured by a deed of trust under the terms of which she borrowed $4200.00 from the Fidelity Bank for part of the purchase price. It is the second or subordinated note and deed of trust in favor of Defendant A & A, Inc. in the amount of $3300.00 which she contests.

At closing, Plaintiff signed several papers and was not prohibited from reviewing any of the closing documents. However, she was rushed through the closing. She continued to make the payments called for on the note in favor of Fidelity until it was paid in full in 1991. It was in that same year that monthly payments were to commence on the contested second note. In 1993, the trustee under the second deed of trust began foreclosure proceedings for failure to pay under the terms of the note. Plaintiff contends that the first she knew of the execution of the $3300.00 note was her notification of foreclosure. She is unable to explain how any amount more than $4200.00 was to be paid to the seller.

Operations for A & A, Inc. terminated in 1988 with the property sale to Defendant Southland Development Corporation. None of the individuals named as defendants actually participated in the sale of the property to Plaintiff but were officers of various corporate defendants which held Plaintiff's note.

There was no evidence to support the corporate veil piercing or alter ego theories advocated by Plaintiff.

■ Based upon these essential facts and the more detail contained in the Bankruptcy Court's findings, it was appropriate for that court to determine that Plaintiff has failed to produce sufficient evidence of fraud and that the unfortunate financial transaction did not result from unfair trade practices under North Carolina General Statute, Chapter 75.

Having found that Plaintiff cannot prevail in an action for fraud or deceptive trade practice, it would have been unnecessary to determine whether the defendant corporations were the alter egos of the individual defendants or whether the corporate veils should be pierced. Nevertheless the Bankruptcy Court carefully articulated the law with respect to those theories and correctly determined that Plaintiff's causes of action must fail.

This court finds that the Bankruptcy Court appropriately found the facts to the extent that this court cannot find them to be clearly erroneous. Accepting the facts as found by that court the conclusions of law, upon de novo review, are proper and should be affirmed.

An order consistent with this memorandum opinion shall be filed contemporaneously herewith.